# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2531

_____

Shelby Welter, on behalf of themselves and their minor children, A.R.B. and
K.N.W., as parents and guardians; Dean Welter, on behalf of themselves and their
minor children, A.R.B. and K.N.W., as parents and guardians; Stephanie Hutchins,
on behalf of herself and her minor children, J.H. and L.H. as parent and legal
guardian

*Plaintiffs - Appellants*

v.

Detective Janice Wilson, Bella Vista Police Department

*Defendant - Appellee*

Detective Reid Hudgens, Bella Vista Police Department

*Defendant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 14, 2025
Filed: August 29, 2025

_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Concerned about illegal drug use in the home, Bella Vista Police officers took three minor children of Shelby Welter, Dean Welter, and Stephanie Hutchins to the Children and Family Advocacy Center for forensic interviews. The three parents sued Detective Janice Wilson[1] on behalf of themselves and the children, alleging the children were unlawfully seized in violation of the Fourth Amendment. The district court[2] granted summary judgment based on qualified immunity. Reviewing *de novo*, we affirm. *See Manzano v. S.D. Dep't of Soc. Servs.*, 60 F.3d 505, 509 (8th Cir. 1995) (standard of review).

Police first responded to the home where the Welters and Hutchins were living for a suspected overdose. They found pills on a table and the floor, including one that tested positive for fentanyl. They were called back a week later when the victim of the first overdose overdosed again, this time fatally. Children were present. Several months later officers found traces of THC in the home's trash. Police, including Detective Wilson, executed a search warrant and found marijuana and drug paraphernalia scattered around, including a still-smoking bong. Both Shelby and Stephanie were there, along with two children. During an interview five days later, Dean said that adults regularly smoked at the home, but that they tried to send the kids out of the room when smoking marijuana. Police notified the Arkansas Department of Human Services of possible child endangerment.

Two days later, Detective Wilson and two other officers returned to the house to take the minor children to a forensic interview. The parents objected, demanding a warrant. Detective Wilson responded that no warrant was necessary, that no one could accompany the children to the interview, and that they would be arrested if they interfered. The officers never went into the house but ultimately left with two

---

[1]Claims against the other defendants are not at issue on appeal.

[2]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

children.  A different officer picked up another child from school.  After questioning, the children were allowed to go home with their parents.  This lawsuit followed.

Detective Wilson is entitled to qualified immunity unless (1) she violated a federal statutory or constitutional right, and (2) the unlawfulness of her conduct was "clearly established" at the time.  *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018).  A right is "clearly established" if "every reasonable official would understand that what [s]he is doing is unlawful."  *Id.* at 63 (cleaned up).

Absent reasonable suspicion of child abuse, removing children from parental custody violates the parents' Fourteenth Amendment interest in "the care, custody, and management of their children."  *Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020).  But the Welters and Hutchins only sued under the Fourth Amendment.[3]  And they have not alleged a violation of their *own* Fourth Amendment rights—*e.g.*, that they too were unlawfully seized or their home was unlawfully searched.[4]  That leaves us with the Fourth Amendment claims on behalf of their children.

Children have a Fourth Amendment right to be free from unreasonable searches and seizures.  *Mitchell*, 959 F.3d at 900 (citing *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008)).  The Welters and Hutchins argue that "remov[ing] children from their parents' custody violates [that] constitutional right if the removal occur[ed] without reasonable suspicion of child abuse," *Stanley v. Finnegan*, 899

---

[3]The district court granted summary judgment on the Fourth Amendment only, the Welters and Hutchins appealed this claim only, and they unequivocally disclaimed any Fourteenth Amendment interest at oral argument.  The argument is forfeited or waived.  *See Dreith v. City of St. Louis*, 55 F.4th 1145, 1149 (8th Cir. 2022) (forfeiture); *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1022 (8th Cir. 2019) (waiver).

[4]The parents now suggest that "this case presents the issue of 'constructive entry'" or "may actually be a direct entry of the home by agents of the police case," but they did not raise the argument below and we will not consider it on appeal.  *See Mitchell*, 959 F.3d at 900.

F.3d 623, 627 (8th Cir. 2018), and that Detective Wilson violated that clearly established right when she took the children without reasonable suspicion.

"[A] reasonable officer in [Detective Wilson's] position could have believed she had reasonable suspicion" that the children were in danger. *Waters v. Madson*, 921 F.3d 725, 736 (8th Cir. 2019) (defining "arguable reasonable suspicion"). Their home was littered with drugs and drug paraphernalia, someone recently died there after a second overdose, and the children were plausibly exposed to ambient marijuana smoke. *See* Ark. Code Ann. § 9-27-303(3)(A)(vii)(h)(1) (abuse includes "permitting a child to consume or inhale a substance not prescribed by a physician that has the capacity to alter the mood of the child including . . . [m]arijuana"). Under the clearly established prong that is enough. *Waters*, 921 F.3d at 736.

The parents do not dispute this evidence but argue that the district court erred by "neglect[ing] to focus" on the "actual events at the time of the removal." They emphasize that when Detective Wilson removed the children, she did not see drugs or drug paraphernalia, the children were reasonably clean and well-nourished, and there was no "immediate evidence" of drug exposure. But the ultimate question is whether her suspicion was reasonable at the time of removal—not whether evidence supporting it appeared contemporaneously. *See Stanley*, 899 F.3d at 629 ("[W]hether there was reasonable suspicion of child abuse warranting removal must be determined by analyzing the totality of the circumstances at the time of the removal."). The "totality of the circumstances" includes evidence of child abuse Detective Wilson already "knew [of] at the time." *See United States v. Slater*, 979 F.3d 626, 629 (8th Cir. 2020) (citation omitted). We do not ask an officer to turn a blind eye to recent, credible evidence of endangerment because there was not more evidence at the moment of removal.

The parents argue separately that there were no exigent circumstances that would have allowed Detective Wilson to take their children into protective custody without a warrant. *See generally Dimock ex rel. Dimock-Heisler v. City of Brooklyn Ctr.*, 124 F.4th 544, 550–51 (8th Cir. 2024) (officers may enter a home without a

-4-

warrant under exigent circumstances); *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 533 (8th Cir. 2005) (seizure of children from boarding school without a warrant was "not reasonable because there was neither probable cause nor exigent circumstances"). In their reply brief they go further, proposing for the first time that the reasonable suspicion standard should be replaced with a new one: "probable cause of child abuse plus exigent circumstances." But this case does not involve a warrantless entry into the home, so we do not decide whether exigent circumstances would have excused one. And "[w]e have never held that children have a Fourth Amendment right not to be separated from their parents absent *probable cause* to believe the parents are guilty of child abuse." *Stanley v. Hutchinson*, 12 F.4th 834, 842 (8th Cir. 2021) (emphasis added). If the children's claims hinge on us making new law, that alone would entitle Detective Wilson to qualified immunity. *Id.* at 843 ("To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." (quoting *Wesby*, 583 U.S. at 63)).

Affirmed.

_____